UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 1:03:CR:203-4

ERNESTO McKINNEY,                     HON. GORDON J. QUIST

    Defendant.
_____/

## MEMORANDUM REGARDING MOTIONS TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) and FED. R. CRIM. P. 35(b)

Defendant, Ernesto McKinney, was convicted by this Court for conspiracy to possess with intent to distribute five kilograms or more of cocaine, 50 grams or more of cocaine base, and an unknown quantity of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(ii), plus knowing possession of unregistered firearms, in violation of 26 U.S.C. § 5861(d). At the time of his initial sentencing on November 8, 2004, Defendant had a total offense level of 37 and a criminal history category of IV. His guidelines range was 292 to 365 months incarceration. Defendant was sentenced to 292 months on the drug trafficking charge and 120 months on the gun charge, to run concurrently. On April 3, 2008, pursuant to Fed. R. Crim. P. 35(b), Defendant's sentence on the drug trafficking charge was reduced to 235 months.

On March 28, 2008, Defendant filed a pro se motion for retroactive application of the sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582(c)(2). The case was then assigned to Judge Robert J. Jonker to handle this motion. On May 22, 2008, Judge Jonker issued an order holding Defendant's 3582(c)(2) motion in abeyance to allow the court to first address other

3582(c)(2) motions by movants with earlier release dates.  In June of 2010, Judge Jonker lifted the stay, ordered the Probation Office to prepare a Sentence Modification Report (SMR), and appointed an attorney to represent Defendant.  On August 18, 2010, the Probation Office submitted an SMR, which recommended no sentence reduction because the quantity of crack cocaine, as set forth in the original PSR, exceeded 4,500 grams – which meant that the base offense level would not change.  Then on November 10, 2010, the government filed a second motion for reduction in sentence pursuant to Rule 35(b).  Upon this second Rule 35(b) motion, the case was reassigned to the undersigned to handle both the 3582(c)(2) motion and the Rule 35(b)(2) motion.  Therefore, there are two motions currently pending: the Defendant's motion under 3582(c)(2) and the government's motion under Rule 35(b).

**Defendant's Motion under 18 U.S.C. § 3582(c)(2):**

The first issue is whether Defendant is entitled to a reduction in his sentence under 18 U.S.C. § 3582(c)(2) based upon the so-called "crack amendments."  Just prior to this case being reassigned to the undersigned, Judge Jonker issued an Order setting forth the following: (1) although the PSR contains sufficient information from which a fact-finder could readily find that more than 4.5 kilograms of crack cocaine was involved, the only actual finding in the PSR was that "Defendant's criminal activity involved more than 1.5 kilograms of cocaine base" (PSR ¶ 269); (2) in the absence of a specific finding by the original sentencing judge that more than 4.5 kilograms was involved, Defendant qualifies for reduction *consideration*; (3) eligibility for consideration does not automatically entitle Defendant to a reduced sentence; and (4) the court may still exercise its discretion to decide whether an award is warranted, and if so, how much, including that the court is still free to make its own quantity assessment based upon the original sentencing record so long as it is not contrary to the original court's findings.  The court then invited submissions from the parties as to how the court should exercise its discretion, which both parties have done.

2

When this case was reassigned to the undersigned, the undersigned requested a new report from the court's presentence writer, Richard C. Griffis, as to whether Defendant is entitled to a reduction under the crack amendments. Like the SMR, Griffis's report states that Defendant is not entitled to a reduction because, based upon portions of the PSR to which Defendant never objected, Defendant was responsible for well-over 4.5 kilograms of cocaine base. Therefore, Defendant's guidelines range would have been the same even if the amendments had been in effect at the time he was sentenced. On February 9, 2011, this Court ordered the parties to file briefs setting forth the party's positions as to the quantity of cocaine and cocaine base for which Defendant should be held responsible. Both parties have complied.

In his brief, Defendant simply asserts that he should not be held accountable for more than 1.5 kilograms and that Judge Jonker has already determined that he is eligible for a reduction. The Court disagrees. As Judge Jonker also recognized, in determining whether Defendant is entitled to a reduced sentence, this Court is free to make its own quantity determination based upon the original sentencing record, including portions of the PSR to which Defendant has not objected, so long as the findings are not inconsistent with those made at Defendant's original sentencing. *See United States v. Moore*, 582 F.3d 641, 646 (6th Cir. 2009). Like the SMR and Griffis's report, the Court finds that based upon the offensive conduct described in the PSR to which he has not objected, Defendant was responsible for more than 4.5 kilograms of cocaine base. *See id.* at 644 ("[A defendant] is bound by the factual allegations in the PSR to which he did not object."). This finding is not inconsistent with paragraph 269 of the PSR, which indicates that "Defendant's criminal activity involved more than 1.5 kilograms of cocaine base," because 4.5 kilograms *is* "more than 1.5 kilograms." *See Moore,* 582 F.3d at 646 ("We do not agree with Moore that the district court's previous determination of 'more than 1.5 kilograms' means it cannot also find more than 4.5 kilograms."); *United States v. Blackmon*,

3

380 F. App'x 498, 501 (6th Cir. 2010) (same); *United States v. Jones*, 388 F. App'x 314, 315 (4th Cir. 2010) (same). The Court does not believe it is necessary to go over the paragraphs in the PSR which lead to this conclusion because they are well-known to the parties. Because the guidelines range applicable to Defendant has not been altered by the crack amendments, Defendant is not entitled to relief pursuant to 18 U.S.C. § 3582(c)(2).

**Government's Second Motion for Reduction of Sentence**

The second issue is whether to grant the government's motion to reduce Defendant's sentence pursuant to Fed. R. Crim. P. 35(b) and, if so, what factors must be considered. The government recommends a 12 month reduction to 222 months.

Sitting *en banc*, the Sixth Circuit recently clarified the analysis a district court is to undergo when deciding a Rule 35(b) motion. *United States v. Grant*, __ F.3d __, 2011 WL 71475 (6th Cir. 2011) (en banc). First, the court must decide whether the defendant did in fact render substantial assistance. *Id.* at *10. If he did not, the motion must be denied. *Id.* If he did, "[t]he granting of the motion is [still] discretionary, as is the extent of any reduction given." *Id.* Although the government is free to make a recommendation as to the proper reduction, the court is not bound by any such recommendation and may grant a lesser or greater reduction as it sees fit. *Id.* Importantly, the Sixth Circuit specifically rejected the defendant's argument that, in analyzing a Rule 35(b) motion, the district court must consider the factors set forth in 18 U.S.C. § 3553(a). *Id.* at *9. On the contrary, Rule 35(b) neither requires nor authorizes consideration of the 3553(a) factors. *Id.* at *10. Although it concluded that the 3553(a) factors have no role in a Rule 35(b) proceeding, the Court did not eliminate the traditionally broad discretion district courts exercise in valuing the assistance:

> Determining the extent to which a sentence should be reduced would, as a matter of course, include consideration of the defendant's activities on behalf of the government and how much his assistance helped in the investigation or prosecution of another. But the extent of the reduction might be tempered by other factors affecting the

valuation. The district judge might wish to consider the context surrounding the initial sentence in valuing the assistance. For example, a district court might recognize that a defendant's assistance is of extremely high value but also recognize that fully valuing the cooperation would give the defendant a sentence much lower than co-defendants who were far less culpable. Giving a lesser reduction under these circumstances might well be warranted. Similarly, if the defendant was among the least culpable in a multi-defendant case, his extremely valuable assistance could be fully rewarded. Another typical situation involves consideration of a defendant's capacity for abiding by the law. A defendant whose prior criminal activity is non-existent or not too serious could be fully rewarded for his valuable assistance, while the valuable cooperation of a defendant who is a threat to society might not be rewarded quite so highly. And, finally, a district judge might properly consider a sentence below a certain point inappropriate for a defendant convicted of a heinous crime, and thus value his cooperation less, while the equivalent cooperation of a defendant who is not a threat to society could be fully valued. These sorts of contextual considerations have traditionally been considered by district courts in determining the value of cooperation and the extent of any reduction under § 3553(e) and § 5K1.1.

* * *

The appropriate balancing of the determinative factors tied to a defendant's substantial assistance is within the sound discretion of the district court and often arises from the specific context of each case. Assigning a number of years or months in prison to a defendant's cooperation is not a task that can be carried out with mathematical certainty. One district judge might decline to consider the contextual factors we mention; another might deem them useful. The choice is that of the district court. Contrary to the fears of the dissent about district court "confusion," district judges are fully capable of weighing the contextual factors we mention, as appropriate, and ultimately arriving at a conclusion as to the extent of any reduction.

*Id.* at *10-11.[1]

Having undergone the analysis set forth above, the Court will grant the government's motion. Although the government has requested only a one-level reduction, the court will grant Defendant a two-level reduction, which is more consistent with reductions given to others similarly situated.

In this case, there was more than one "cooperating defendant." According to the government, Defendant's cooperation consisted of "background information," "primarily historical,"

---

[1] The undersigned does not believe that *Grant* is changed by *Pepper v. United States*, __ U.S. __, 131 S. Ct. 1229 (2011) because *Pepper* involved a resentencing after the original sentence was set aside on appeal as distinguished from a modification of an existing sentence under Rule 35(b).

"corroborative," and "dated historical information." Defendant, unlike at least one other co-defendant, did not testify. This Court, consistent with *Grant*, is also taking into account that, when he was originally sentenced, the government and court dismissed the charge of "Possession of a Firearm in Furtherance of a Federal Drug Trafficking Crime" - a Striker-121 Street sweeper firearm (a very impressive weapon). This weapon, classified as a "destructive device," would have led to Defendant's having received a mandatory 30 year sentence *consecutive* to his sentence of 292 months. PSR ¶ 350, 26 U.S.C. § 5845(f), 18 U.S.C. § 924(c)(1)(A), (B)(ii). In short, Defendant was a dangerous person when he was sentenced. Finally, this Court has learned from experience that cooperation with the government and taking classes while incarcerated, while laudable, are not very good indicators of how a person will behave once released.

In light of the above and considering the above, this Court will modify Defendant's sentence from 235 months to 214 months.

Dated: March 23, 2011  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE